IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRESE DESHAUN ANDERSON | § | CIVIL ACTION NO. 22-2945 |
| | § | |
| -VERSUS- | § | SECTION: |
| | § | |
| OCCIDENTAL | § | JUDGE: |
| PETROLEUM CORPORATION | § | |
| | § | MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Occidental Petroleum Corporation ("Defendant" or "Oxy"), and files this Notice and hereby requests that the civil action, captioned *Tyrese Deshaun Anderson v. Occidental Petroleum Corporation*, No. 202240845, 295th Judicial District Court of Harris County, Texas, be removed to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this removal, Oxy represents:

## INTRODUCTION

1.

On July 7, 2022, Plaintiff, Tyrese Deshaun Anderson ("Plaintiff" or "Anderson") commenced an action in the 295th Judicial District Court of Harris County, Texas, styled *Tyrese Deshaun Anderson v. Occidental Petroleum Corporation*, No. 202240845, 295th Judicial District Court of Harris County, Texas ("the State Court Action"). As required by 28 U.S.C. § 1446(a), a copy of the Petition for Damages, along with confirmation of executed process, is attached hereto as Exhibit "A", *in globo*. A complete list of all counsel of record, along with an index of documents

filed in the State Court Action, and state court docket sheet, are also attached hereto as Exhibit "B and "C", respectively.

## REMOVAL IS PROPER

2.

On or about July 12, 2022, Plaintiff served his Petition for Damages and the citation on Oxy through a private process server. On August 8, 2022, counsel for Plaintiff granted Oxy an extension until August 30, 2022, to answer or otherwise plea, via email correspondence, attached hereto as Exhibit "C". As such, Oxy files this Notice of Removal within the requisite time for removal under 28 U.S.C. § 1446(b).

## NOTICE TO STATE COURT AND OPPOSING PARTY

3.

A copy of this Notice of Removal will be filed with the 295th Judicial District Court of Harris County, Texas, and it will also be served on Plaintiff. Contemporaneously with the filing of this Notice, Oxy will file a Notice of Filing Notice of Removal with the clerk of the 295th Judicial District Court of Harris County, Texas.

## FACTS ALLEGED IN PLAINTIFF'S PETITION FOR DAMAGES

4.

As alleged, this lawsuit arises out of a January 23, 2022 accident sustained by Plaintiff while in the course and scope of his employment with Blake International Rigs, LLC ("Blake International"). *See* Exhibit "A" at ¶ 7. More specifically, Plaintiff alleges that he was working as a floor hand on Blake Rig 1007 ("Blake 1007"), located off the coast of Texas in the Gulf of Mexico, when he fell after he was directed to climb a rig mast without proper safety equipment. *Id.* at ¶ 7, 10. Plaintiff alleges that "Oxy controlled everything on Blake 1007 including, but not

limited to, all Blake International employees, Blake 1007's operations, and the safety procedures implemented thereon." *Id.* at ¶ 12. Plaintiff further alleges that "Oxy brought in their own supervisors and safety personnel to assist with managing operations." *Id.* at ¶ 12. Plaintiff alleges bodily injuries, including those to his neck, back, ribs, and brain. *Id.* at ¶ 26. Plaintiff brought claims for negligence pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), general maritime law, and Texas law, as well as for gross negligence. *Id.* at ¶ 17. As a result of the incident, Plaintiff asserts the following damages: (a) Past and future medical and pharmaceutical expenses; (2) Past and future physical pain and suffering; (3) Past and future mental anguish; (4) Past and future physical impairment; (5) Past and future physical disfigurement; (6) Past and future lost wages and lost earning capacity; and (6) Exemplary Damages. *Id.* at ¶ 26.

5.

While Oxy denies any liability for damages sought by Plaintiff, the Petition for Damages sets forth certain allegations that support this Notice of Removal, to wit:

6.

At the time of the incident, Plaintiff was a floor hand working on Blake 1007, a modular rig, which was affixed to Oxy's manned platform, East Breaks Blk-602 ("E.B.-602"). E.B.-602 was located on the Outer Continental Shelf ("OCS") in the Gulf of Mexico off the coast of Texas. E.B.-602 was further permanently affixed to the sea floor. As Plaintiff was working on a fixed platform permanently affixed to the sea floor on the OCS, the situs requirement is satisfied under OCSLA, and Plaintiff should be considered a pure OSCLA worker.

**FEDERAL QUESTION JURISDICTION**

7.

Plaintiff has brought negligence claims against Oxy under OCSLA. OCSLA provides a basis for federal jurisdiction other than admiralty that permits removal even when maritime law or state law provides the substantive rule of decision. 28 U.S.C.A. § § 1332(1). This Court has original jurisdiction over this action under 28 U.S.C. §1331, pursuant to the fact that OCSLA is a federal statute, 43 U.S.C. § 1333(a)(2)(A), and jurisdiction is specifically granted to the District Court under 43 U.S.C. § 1349(b)(1). Therefore, the case may be removed to this Court pursuant to 28 U.S.C. §1441(a).

8.

Removal of a tort action to federal court, under OCSLA, when a worker has been purportedly injured on a rig attached to the OCS off the coast of Texas, is proper, regardless of the citizenship of parties, as application of maritime law does not displace OCSLA's grant of federal questions jurisdiction. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013). Maritime law, when it applies under OCSLA, displaces federal law only as to the substantive law of decision and generally has no effect on the removal of an OCSLA action. *Barker*, 713 F.3d at 220; *see also Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 492 (5th Cir. 2002). "The decision to apply maritime law ... has nothing to do with whether or not a federal court has jurisdiction." *Dahlen*, 281 F.3d at 492. "The saving to suitors" clause under general maritime law "does not guarantee [plaintiffs] a non-federal *forum,* nor limit the right of defendants to remove such actions to federal court, where there exists some basis for federal jurisdiction other than admiralty." *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154-55 (5th Cir. 1996).  Instead, removal of

maritime cases is permissible as long as there is an independent basis for federal jurisdiction. *See id.*

9.

In his employment with Blake International, Plaintiff was assigned to work on a fixed platform permanently affixed to the sea floor on the OCS of the Gulf of Mexico, which is a situs covered by OCSLA.

10.

At the time of the accident alleged in his Petition, Plaintiff was assigned to work on a fixed platform, E.B.-602, which was permanently affixed to the OCS of the Gulf of Mexico.

11.

Plaintiff's claims arise under OCSLA because but for Plaintiff's assignment to a fixed platform permanently affixed to the OCS of the Gulf of Mexico, he would not have sustained the alleged incident.

12.

As Plaintiff's claims arise under OCSLA and district courts have jurisdiction over OCSLA claims, this Court has jurisdiction over Plaintiff's claims.

**CONSENT OF DEFENDANT TO REMOVAL**

13.

As the requirements of 28 U.S.C. § 1446(b)(1) provide that only defendants who have been properly joined and served must consent to removal pursuant to 28 U.S.C. §1441(a) and considering no other defendants in this captioned matter have been served at this time, Oxy hereby removes this action from the 295th Judicial District Court of Harris County, Texas, to this Court.

## CONCLUSION

14.

Oxy respectfully requests that this Court exercise its jurisdiction over this action and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the 295th Judicial District Court of Harris County, Texas.

**WHEREFORE**, Defendant, Occidental Petroleum Corporation, prays that the civil action captioned *Tyrese Deshaun Anderson v. Occidental Petroleum Corporation*, No. 202240845, 295th Judicial District Court of Harris County, Texas, be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,
**MELCHIODE MARKS KING LLC**

s/s *Kevin A. Marks*
KEVIN A. MARKS (TX Bar #24054335)
639 Loyola Avenue, Suite 2550
New Orleans, Louisiana 70113
Telephone: (504) 336-2880 / Fax: (504) 336-2342
kmarks@mmkfirm.com
*Counsel for Occidental Petroleum Corporation*

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record for Occidental Petroleum Corporation, do hereby certify that I have this day served the above and foregoing on all counsel of record via ECF document filing system and email, this 30th day of August, 2022.

s/s *Kevin A. Marks*
**KEVIN A. MARKS**

**PLEASE SERVE**

**Plaintiff, Tyrese Deshaun Anderson**
*Through his counsel of record:*
Scott P. Armstrong (TX Bar No. 24092050)
C.J. Baker (TX Bar No. 24086719)
Kelly M. Viktorin (TX Bar No. 24088676)
Adam M. Grable (TX Bar No. 24120859)
ARMSTRONG LEE & BAKER LLP
2800 North Loop West, Suite 900
Houston, Texas 77092
T: (832) 709-1124 | F: (832) 709-1125
samstrong@armstronglee.com
cjbaker@armstronglee.com
kviktorin@armstronglee.com
agrable@armstronglee.com
service@armstronglee.com