Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/12/2022
CT Log Number 541902844

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Stacy Neal<br>OCCIDENTAL PETROLEUM CORPORATION<br>5 GREENWAY PLZ STE 110<br>HOUSTON, TX 77046-0521 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Occidental Petroleum Corporation (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TYRESE DESHAUN ANDERSON // To: Occidental Petroleum Corporation |
| **CASE #:** | 202240845 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/12/2022 at 13:56 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Stacy Neal stacy_neal@oxy.com |
| | Email Notification, Pamela Hillenbrand pamela_d._hillenbrand@oxy.com |
| | Email Notification, Melissa Hunt melissa_hunt@oxy.com |
| | Email Notification, Paula Chrysong paula_chrysong@oxy.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Jul 12, 2022
**Server Name:**                   DON ANDERSON

| Entity Served | OCCIDENTAL PETROLEUM CORPORATION |
|---|---|
| Case Number | 2022-40845 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



CAUSE NO. 202240845

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 926601  TRACKING NO: 74024743
EML

| | |
|---|---|
| Plaintiff: | In The 295th |
| ANDERSON, TYRESE DESHAUN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| OCCIDENTAL PETROLEUM CORPORATION | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:   OCCIDENTAL PETROLEUM CORPORATION (A DELAWARE CORPORATION) MAY BE SERVED**
**BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN ST STE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on July 7, 2022 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on July 11, 2022, under my hand and seal of said court.

Issued at the request of:

Armstrong, Scott
2800 NORTH LOOP WEST STE 900
HOUSTON, TX  77092
832-709-1124
Bar Number: 24092050



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:carolina salgado

Tracking Number: 74024743

EML

**CAUSE NUMBER: 202240845**

| | |
|---|---|
| PLAINTIFF: ANDERSON, TYRESE DESHAUN | In the 295th |
| vs. | Judicial District Court of |
| DEFENDANT: OCCIDENTAL PETROLEUM CORPORATION | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                Affiant                                                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

7/7/2022 6:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66124557
By: Carolina Salgado
Filed: 7/7/2022 6:40 PM

CAUSE NO. _____

| | | |
|---|---|---|
| TYRESE DESHAUN ANDERSON | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OCCIDENTAL PETROLEUM | § | |
| CORPORATION | § | |
| | § | |
| *Defendant.* | § | \_\_\_\_\_JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Tyrese Deshaun Anderson ("***Plaintiff***") files this Original Petition against Defendant Occidental Petroleum Corporation ("***Defendant***" or "***Oxy***"), and would show that:

### DISCOVERY LEVEL 3

1.      Pursuant to Rule 190.1 and Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 3 and requests the issuance of a Docket Control Order accordingly.

### PARTIES

2.      Plaintiff is an individual who is a resident of Louisiana. Plaintiff may be served through the undersigned counsel.

3.      Defendant is a Delaware corporation with its principal place of business in Houston, Texas. Defendant may be served through its registered agent, C T Corporation System at, 1999 Bryan St., Ste. 900, Dallas, TX, 75201. Plaintiff requests issuance of citation to Defendant.

**JURISDICTION AND VENUE**

4.      Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

5.      Venue is proper in this Court because Defendant maintains its principal office in this county.

**FACTUAL BACKGROUND**

6.      Each of the following factual allegations are based on information and belief.

7.      On or about January 23, 2022, Plaintiff was working as a floor hand on Blake Rig 1007 (the "*Rig*"), located off the coast of Texas in the Gulf of Mexico.

8.      This was Plaintiff's first "hitch" or extended stay for work on an oil rig. As of January 23, 2022, Plaintiff had been held over past his 21-day hitch.

9.      Plaintiff started his day at approximately 4:30 am as he usually did on the rig. Plaintiff had a safety meeting with an Oxy safety officer that morning.

10.     Around 3:00 pm that day, Plaintiff—a man who is 5'10" tall and weighs over 300 lbs.—was directed to climb up a rig mast to fix lights without an industry standard self-retracting lifeline (SRL). Plaintiff was instructed to begin his climb nearly 12 hours into his shift and to do so without the proper safety equipment.

11.     Once Plaintiff climbed roughly 20 feet, he began to feel weak. He repeatedly called out for help, but without any  form of communication device no one could hear him. Assistance never came. Plaintiff eventually blacked out and fell roughly 20 feet, suffering severe injuries that required him to be medically evacuated off the oil rig.

12.     At the time of the incident, Defendant Oxy leased the Rig and all operations associated with it from Blake International. Oxy controlled everything on the Rig including, but not limited to, all Blake International employees, the Rig operations, and the safety procedures implemented thereon. Additionally, Oxy brought in their own supervisors and safety personnel to assist with managing operations.

13.     Defendant knew or should have known of the danger of sending Plaintiff to climb at least 20 feet at the end of his shift without the use of an SRL or a means of communication. Defendant sacrificed safety at the cost of getting the job done.

14.     As a result, Plaintiff suffered serious bodily injuries and serious loss for which he seeks redress.

**CAUSES OF ACTION**

**<u>Count One Against Defendant</u>**
**(Negligence)**

15.     Plaintiff incorporates by reference all paragraphs of this Petition here.

16.     Plaintiff brings these negligence claims pursuant to the Outer Continental Shelf Lands Act (OCSLA), general maritime law, and Texas law.

17.     At the time, Defendant failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

a.      Failing to provide Plaintiff the proper and necessary self-retracting lifeline to perform his job duties safely according to industry standards;

b.      Failing to provide the necessary personal fall protection systems according to industry standards;

c.      Failing to provide necessary assistance to Plaintiff;

d.   Failing to provide Plaintiff with any method of communication for emergency purposes;

e.   Failing to develop, implement, and enforce proper safety protocols for employees climbing ladders or other structures;

f.   Failing to use accepted industry standards regarding personal fall protection systems;

g.   Failing to enforce any existent precautionary measures and safety protocols regarding personal fall protection systems;

h.   Negligently undertaking to provide safety equipment to Plaintiff;

i.   Disregarding the safety of Plaintiff; and

j.   Other acts deemed negligent.

## Count Two Against Defendant
### (Negligence - Vicarious Liability)

18.   Plaintiff incorporates by reference all paragraphs of this Petition here.

19.   At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable for the negligent acts and/or omissions of its employees under the doctrine of *respondeat superior*.

20.   Defendant Oxy's employees were negligent in one or more of the following ways:

a.   Failing to provide necessary assistance to Plaintiff;

b.   Failing to provide Plaintiff the proper and necessary self-retracting lifeline to perform his job duties safely according to industry standards;

c.   Disregarding the safety of Plaintiff;

    d.  Negligently undertaking to provide safety equipment to Plaintiff;

    e.  Failing to provide a means of communication to Plaintiff, such as a radio; and

    f.  Other acts deemed negligent and as described in count one above.

21.    Defendant Oxy's breaches and/or the breaches of Defendant's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

22.    Each of the above acts or omissions constitutes negligence.

### Count Three Against Defendant
### (Gross Negligence)

23.    Plaintiff hereby incorporates by reference all paragraphs in this Petition here.

24.    Defendant's conduct as described above constituted gross negligence in that its acts or omissions, when viewed objectively from the standpoint of Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

25.    Therefore, Plaintiff is entitled to, and seeks, exemplary damages in this action under Sections 41.001 et seq. of the Texas Civil Practices and Remedies Code.

### DAMAGES

26.    Plaintiff's damages include, *inter alia*, injuries to his neck, back, ribs, and brain, which has resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence. Therefore, Plaintiff brings suit for the following damages:

a.  Past and future medical and pharmaceutical expenses;

b.  Past and future physical pain and suffering;

c.  Past and future mental anguish;

d.  Past and future physical impairment;

e.  Past and future physical disfigurement;

f.  Past and future lost wages and lost earning capacity; and

g.  Exemplary damages.

## PRESERVATION OF EVIDENCE

27.    Plaintiff hereby requests and demands that Defendant and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to training records, personnel records, photographs, videotapes, audiotapes, recordings, correspondence, memoranda, files, facsimiles, email, voicemail, text messages or cellular telephone records. Failure to maintain such items will constitute spoliation of the evidence and may subject Defendants to sanctions.

## DEMAND FOR JURY TRIAL

28.    Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, exemplary damages, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARMSTRONG & LEE LLP**

By:   */s/ Scott P. Armstrong*
   Scott P. Armstrong
   State Bar No. 24092050
   C.J. Baker
   State Bar No. 24086719
   Kelly M. Viktorin
   State Bar No. 24088676
   Adam M. Grable
   State Bar No. 24120859
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:   (832) 709-1124
Facsimile:   (832) 709-1125
sarmstrong@armstronglee.com
cjbaker@armstronglee.com
kviktorin@armstronglee.com
agrable@armstronglee.com
service@armstronglee.com

**Attorneys for Plaintiff**